**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNTUNG MOH,

Petitioner,

v.

Case No. 2:26-cv-02672-MIS-JMR

MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; WARDEN, Otero County Processing Center; ACTING DIRECTOR, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, El Paso Field Office Director, Immigration and Customs Enforcement, Enforcement and Removal Operations; and ATTORNEY GENERAL OF THE UNITED STATES,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241 AND ORDER TO SHOW CAUSE**

THIS MATTER is before the Court on Petitioner Untung Moh's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed August 13, 2026. On September 1, 2026, the federal Respondents filed a Response.[1] ECF No. 7. Upon review of the Parties' submissions, the record, and the relevant law, the Court will **GRANT** the Petition.

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26-mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 3. However, as has become customary in these cases, the Warden did not respond to the Petition.

## I. Background

Petitioner is a citizen of Indonesia who lawfully entered the United States on December 30, 2022, on a B2 visa.[2] Pet. at 1. Shortly thereafter, Petitioner filed an application for asylum. Id. Petitioner apparently overstayed his visa and on January 9, 2026, U.S. Immigration and Customs Enforcement ("ICE") Officers arrested Petitioner while he was outside of his apartment in Minnesota. Id. At the time he filed the instant Petition, he was detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at 2.

On March 5, 2026, Petitioner was given a bond hearing before an Immigration Judge. See Order of the Immigration Judge ("IJ Order"), ECF No. 7-1. The Immigration Judge denied release on bond on the following grounds: "Flight Risk: Form of relief is speculative; VISA over stay then upon entry to USA claims asylum (abuse of visitor visa); lack of ties to USA considering the date of his entry." Id. at 1.

On March 18, 2026, Petitioner filed his first Petition for Writ of Habeas Corpus ("First Petition"). See Untung v. Lyons, Case No. 2:26-cv-00817-MIS-GBW, ECF No. 1 (D.N.M. Mar. 18, 2026).[3] Therein, he argued that his detention without an individualized custody determination or a bond hearing violates the Fifth Amendment's Due Process Clause; that his detention falls under 8 U.S.C. § 1226(a); and that his continued detention without individualized review constitutes arbitrary and capricious agency action under 5 U.S.C. § 706. Id.

---

[2] The facts recited in Petitioner's first Petition for Writ of Habeas Corpus are slightly different. See Untung v. Lyons, Case No. 2:26-cv-00817-MIS-GBW, ECF No. 1 (D.N.M. Mar. 18, 2026). In his First Petition, Petitioner asserts that he arrived in the United States on December 7, 2022, using a B1 visitor visa. Id. at 1. Any factual discrepancies between Petitioner's First Petition and the instant Petition are immaterial to the Court's disposition.

[3] In his First Petition, Petitioner signed his name as "Moh Johan Joko Untung." See First Pet. at 2.

According to the Executive Office of Immigration Review's website, on April 8, 2026, an Immigration Judge Ordered Petitioner removed ("Removal Order").[4] Petitioner's appeal of the Removal Order appears to remain pending before the Board of Immigration Appeals.

On April 28, 2026, the Court issued an Order denying Petitioner's First Petition, finding that although Petitioner was subject to discretionary detention under 8 U.S.C. § 1226(a), he received an adequate bond hearing. Untung v. Lyons, Case No. 2:26-cv-00817-MIS-GBW, ECF No. 7 (D.N.M. Apr. 28, 2026).

On August 13, 2026, Petitioner filed the instant Petition. ECF No. 1. On August 18, 2026, the Court issued an Order to Show Cause and Enjoining Transfer instructing Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the facts are distinguishable from prior rulings." ECF No. 4. The Court further enjoined the Government "from transferring or removing Petitioner from the District of New Mexico while this case remains pending, absent a final order of removal." Id. On September 1, 2026, Respondents filed their Response. ECF No. 7.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas, 533 U.S. at 687-88). "The

[4] Neither Party mentions the Removal Order in their briefing.

fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his prolonged detention violates his due process rights under the Fifth Amendment. Pet. at 1-4.

Respondents argue—unbelievably—that successive habeas petitions are barred under 28 U.S.C. § 2244(b), but acknowledge that "the Tenth Circuit previously held that Section 2244 does not apply to petitions filed by alien detainees." Resp. at 3 (citing Stanko v. Davis, 617 F.3d 1262, 1268 (10th Cir. 2010)). As Respondents concede that this argument is foreclosed by binding Tenth Circuit precedent, the Court summarily rejects it. See Khan v. Current Sec'y of Dep't of Homeland Sec., Case No. 2:26-cv-00315-MIS-GJF, 2026 WL 776190, at *2 (D.N.M. Mar. 19, 2026) ("The Tenth Circuit has squarely held that Section 2244's bar on second or successive petitions does not apply to 2241 petitions filed by alien detainees." (citing Stanko, 617 F.3d at 1268)).

Respondents further argue that Petitioner's claim is barred as an "abuse of the writ" and by the doctrine of res judicata. Resp. at 3-5. However, Petitioner's First Petition did not challenge his detention as unconstitutionally excessive, and the Court never adjudicated any such claim. See generally Untung v. Lyons, Case No. 2:26-cv-00817-MIS-GBW, ECF No. 7 (D.N.M. Apr. 28, 2026). Consequently, the Court summarily rejects these arguments.[5]

[5] Respondents further argue that the Court lacks jurisdiction over the Immigration Judge's bond decision, Resp. at 5-6, but the Court does not construe the Petition as requesting the Court to review the bond decision, and the Court does not review the bond decision.

Ultimately, the Court finds that Petitioner's prolonged detention violates his substantive due process rights under the Fifth Amendment for the reasons identified in Mardanpour v. Warden, Case No. 2:26-cv-00550-MIS-LF, 2026 WL 963164, at *3-8 (D.N.M. Apr. 9, 2026), which the Court hereby adopts. Briefly, Petitioner may not be "punished" without being accorded the substantive and procedural due process guarantees of the Fifth Amendment, Rodriguez-Fernandez v. Wilkinson, 654 F.2d 1382, 1387 (10th Cir. 1981); under the circumstances of this case, Petitioner's indefinite, ongoing detention of almost eight months, with no reasonably foreseeable end in sight,[6] is excessive in relation to the Government's legitimate, nonpunitive purpose of facilitating removal; and, therefore, Petitioner's detention is punitive and a violation of his Fifth Amendment substantive due process rights, id.; see also Zadvydas, 533 U.S. at 699-701; Rosales-Garcia v. Holland, 322 F.3d 386, 411-13 (6th Cir. 2003); Dominguez v. Warden, Case No. 1:26-cv-02310-MIS-GBW, 2026 WL 2186326, at *2 (D.N.M. July 29, 2026); Yang v. Warden, Case No. 2:26-cv-02266-MIS-GJF, 2026 WL 2186338, at * 2 (D.N.M. July 29, 2026); Pereira v. Ortiz, Case No. 1:26-cv-02158-MIS-GBW, 2026 WL 2110814, at *2 (D.N.M. July 22, 2026);

---

[6] As in Mardanpour, "Petitioner's appeal to the BIA and, if unsuccessful there, to the Tenth Circuit Court of Appeals, could take years." 2026 WL 963164, at *6.

> As the Department of Justice recently stated, after the Attorney General reduced the BIA's size by nearly one half in early 2025, there has been an "unprecedented B[IA] caseload." Appellate Procedures for the Board of Immigration Appeals, 91 Fed. Reg. 5267, 5270 (Feb. 6, 2026). Indeed, "between fiscal year 2015 and the end of fiscal year 2025, the B[IA]'s pending case load increased more than five-fold—from 37,285 pending appeals to 202,946 pending appeals," leaving the BIA "at a point where, even were it to have additional resources and better management, . . . it would not be able to keep up with incoming filings while tackling the backlog in any meaningful way." Id. (citing Executive Office of Immigration Review ("EOIR"), Adjudication Statistics: All Appeals Filed, Completed, and Pending (Nov. 18, 2025), https://www.justice.gov/eoir/media/1344986/dl?inline [https://perma.cc/88C5-MU4N]). Thus, "the B[IA] largely functions now as simply a vessel for further delay of the eventual resolution of [a noncitizen's] case." Id. at 5271.

Segura Serrano v. Scott, CASE NO. 2:26-cv-01268-LK, 2026 WL 1674357, at *3 (W.D. Wash. 2026). In any event, Respondents present no evidence or argument that Petitioner's removal is imminent in the reasonably foreseeable future.

Mardanpour, 2026 WL 963164, at *3-8; Rasoli v. Mullin, Case No. 2:26-cv-01460-MIS-SCY, 2026 WL 1662615, at *3-4 (D.N.M. June 9, 2026); Marquez v. Warden, Case No. 2:26-cv-01527-MIS-SCY, 2026 WL 1557180, at *2 (D.N.M. June 2, 2026); Ahmadi v. De Anda-Ybarra, Case No. 1:26-cv-00897-MIS-DLM, 2026 WL 1121981, at *3 (D.N.M. Apr. 24, 2026); Harutyunyan v. Lyons, Case No. 2:26-cv-01020-MIS-GBW, 2026 WL 1078958, at *1 (D.N.M. Apr. 21, 2026).

Upon finding a person is "in custody in violation of the Constitution or laws or treaties of the United States[,]" 28 U.S.C. § 2241(c), a district court may grant a writ of habeas corpus and "dispose of the matter as law and justice so require[,]" 28 U.S.C. §§ 2241(a), 2243. The "typical remedy" for "unlawful executive detention" is release from custody. Munaf v. Geren, 553 U.S. 674, 693 (2008); see also Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). Respondents have failed to articulate a legitimate interest in Petitioner's continued detention. Therefore, the Court finds that immediate conditional release is the appropriate remedy. See Boumediene v. Bush, 553 U.S. 723, 779 (2008) ("[T]he habeas court must have the power to order the conditional release of an individual unlawfully detained—though release need not be the exclusive remedy and is not the appropriate one in every case in which the writ is granted.").

Finally, the Court observes that two pieces of correspondence sent to Petitioner by the Court have been returned to the Court as undeliverable. See ECF Nos. 6, 8. Each returned letter is stamped: "NO RECORD/RELEASED." See id. However, ICE's Inmate Locator website reflects that Petitioner's "Status" is "In ICE Custody" and his "Current Detention Facility" is the "Otero County Processing Center." Furthermore, the Court's Order to Show Cause and Enjoining Transfer prohibited the Government "from transferring or removing Petitioner from the District of New Mexico while this case remains pending, absent a final order of removal." ECF No. 4. Accordingly, Respondents are ordered to show cause why Petitioner is not receiving his legal

correspondence from the Court in the mail at the Otero County Processing Center within seven days of the date of this Order.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, ECF No. 1, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Untung Moh from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized belongings to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner absent (1) evidence that Petitioner has committed a crime or absconded in his administrative immigration proceedings, or (2) a valid final order of removal;
5. Respondents shall have **SEVEN DAYS** from the date of this Order to **SHOW CAUSE** why Petitioner is not receiving his legal correspondence from the Court in the mail at the Otero County Processing Center; and
6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE